**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4579

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS JARRELL SHOFFNER,

Defendant - Appellant.

No. 24-4629

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS JARRELL SHOFFNER,

Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:24-cr-00058-TDS-1; 1:21-cr-00113-TDS-1)

Submitted:  June 12, 2025                          Decided:  June 16, 2025

Before HARRIS and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Seth A. Neyhart, LAW OFFICE OF SETH A. NEYHART, Durham, North Carolina, for Appellant. Randall S. Galyon, Acting United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Jarrell Shoffner appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and the judgment revoking his supervised release.  Shoffner argues that § 922(g)(1) is facially unconstitutional and unconstitutional as applied to him following *New York State Rifle & Pistol Ass'n v. Bruen*, in which the Supreme Court held that a firearm regulation is valid under the Second Amendment only if it "is consistent with this Nation's historical tradition of firearm regulation."  597 U.S. 1, 17 (2022).  We affirm.

Two of our recent decisions foreclose Shoffner's challenges on appeal.  In *United States v. Canada*, we considered and rejected a constitutional challenge to § 922(g)(1), holding that "Section 922(g)(1) is facially constitutional because it has a plainly legitimate sweep and may constitutionally be applied in at least some set of circumstances."  123 F.4th 159, 161 (4th Cir. 2024) (internal quotation marks omitted).  Likewise, in *United States v. Hunt*, we affirmed "the Supreme Court's repeated instruction that longstanding prohibitions 'on the possession of firearms by felons . . . are presumptively lawful.'"  123 F.4th 697, 708 (4th Cir. 2024) (citing *United States v. Rahimi*, 602 U.S. 680, 699 (2024)), *petition for cert. filed*, No. 24-6818 (U.S. Mar. 20, 2025).

Accordingly, we affirm the district court's judgments.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3